RICHARD GIBSON *vs.* COMMONWEALTH.

Suffolk.   May 6, 1980. — August 22, 1980.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Constitutional Law*, Double jeopardy. *Supreme Judicial Court*, Superintendence of inferior courts. *Practice, Criminal*, "Two-tier" court system.

Although the Superior Court, pursuant to G. L. c. 277, § 47A, as amended through St. 1978, c. 478, § 298, was the appropriate forum for consideration of a double jeopardy claim asserted after a bench trial, the defendant had no valid double jeopardy claim even if the evidence at his bench trial was insufficient to warrant his conviction and his motion to dismiss, therefore, should have been denied on its merits. [376-377]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on April 27, 1979.

The case was reported by *Quirico*, J.

*Steven M. Wise* for the petitioner.

*Robert M. Payton*, Assistant District Attorney, for the Commonwealth.

*Richard J. Hayes, William J. Leahy, Martin R. Rosenthal & Brownlow M. Speer*, for the Massachusetts Defenders Committee, amicus curiae, submitted a brief.

WILKINS, J.  This is the second case we decide today involving the claim of an accused that he would be denied his constitutional right against being placed twice in jeopardy if a new trial is offered as the only relief from his conviction on insufficient evidence presented at a bench trial in a District, Municipal, or Juvenile Court.

On May 4, 1978, the petitioner, whom we shall call the defendant, was convicted, after a bench trial in the Second Plymouth Division of the District Court Department sitting at Hingham, of using a motor vehicle without authority (G. L. c. 90, § 24) and of receiving stolen goods (G. L. c. 266, § 60). The proceeding was recorded on tape. The defendant moved for a finding of not guilty on both charges at the close of the Commonwealth's case. He claimed an appeal for a trial de novo before a jury of twelve in the Superior Court in Plymouth County. See G. L. c. 278, § 18, as amended through St. 1974, c. 167. He moved in the Superior Court for dismissal of the charges and for judgments of acquittal on the charges, alleging that there was insufficient admissible evidence at his first, or bench, trial to warrant a conviction. He argued that a trial de novo would violate his double jeopardy rights and would deny him due process of law under the Fourteenth Amendment to the Constitution of the United States.

In a carefully considered order concerning the motion to dismiss, entered on April 9, 1979, a judge of the Superior Court noted that, in light of the decision in *Burks* v. *United States*, 437 U.S. 1 (1978), the defendant's double jeopardy claim was one of substance. He concluded that "if the defendant's conviction after a bench trial in the District Court is based on insufficient evidence as a matter of law, he is not subject to further criminal proceedings upon these charges." However, he concluded further that the Superior Court had no jurisdiction to review the defendant's double jeopardy claim and denied the motion to dismiss. He suggested that relief might be obtained in an appellate court, perhaps by a writ of error.

The defendant thereafter filed a petition seeking relief under this court's power of general superintendence. G. L. c. 211, § 3. A single justice reported the entire case to the full court, reciting three principal questions, that are set forth in the margin.[1] These questions concern (a) the right

---

[1] "(a) Whether under the two-tier system for the trial of criminal cases in effect when the defendant was tried in the District Court and his ap-

of the defendant to raise by a pretrial motion in the Superior Court the issue of the insufficiency of the evidence at his bench trial, (b) the jurisdiction of the Superior Court to hear such a motion, and (c) the defendant's double jeopardy rights if the evidence at his bench trial was not sufficient to support findings of guilt beyond a reasonable doubt.

The defendant's trial occurred at a time when the former two-tier procedure was in effect in the Commonwealth. Under that procedure, a defendant was tried first in the District Court without a jury and, if found guilty, could appeal to the Superior Court for a trial before a jury of twelve or to the District Court before a jury of six. G. L. c. 278, § 18, as amended through St. 1974, c. 167. The defendant did not have the option of having a jury trial in the first instance as is the case under the current two-tier system.[2] See *Lydon* v. *Commonwealth, ante* 356 (1980).

We conclude that the principles of the *Burks* case apply only when there is an appellate determination that the evidence at trial was insufficient. Because neither the former Massachusetts trial system nor the present one provides any

peal therefrom to the Superior Court for a trial de novo, the defendant was entitled, by a pretrial motion in the Superior Court, to raise the issue whether the evidence which was before the District Court was sufficient to support the finding in the latter court that the defendant was guilty beyond a reasonable doubt of the crimes charged against him;

"(b) Whether the Superior Court has jurisdiction to receive, hear and decide such a motion; and

"(c) Whether the defendant's constitutional right not to be twice put in jeopardy for the same offense would be violated if he were required to stand trial de novo in the Superior Court on any complaint as to which the evidence presented by the Commonwealth thereon in the prior trial in the District Court was not sufficient to support a finding of guilty beyond a reasonable doubt. See *Burks* v. *United States,* 437 U.S. 1 (1978)."

[2] However, as the United States Supreme Court observed in *Ludwig* v. *Massachusetts,* 427 U.S. 618, 621 (1976), an accused tried under the former two-tier system in Massachusetts could substantially avoid a trial in the first tier "by an established, informal procedure known as 'admitting sufficient findings of fact.'" The Court noted that an "accused may enjoy his right to trial by jury expeditiously by invoking the above-described procedure of 'admitting sufficient findings of fact.' He, therefore, need not pursue, in any real sense, a defense at the lower tier." *Id.* at 626.

appellate review of errors or omissions in the bench trial, the principles underlying the *Burks* case have no application to these two-tier systems. We conclude further that, on proper motion, a judge of the Superior Court should pass on a double jeopardy challenge of the character involved here.

The defendant argues that the *Burks* opinion stands for the proposition that a person convicted at a bench trial on insufficient evidence may not be retried regardless of the fact that the only avenue of relief from such conviction is a trial de novo. The argument rests on the assertion that if, as in the *Burks* case, an appellant who successfully challenges the sufficiency of the evidence must be acquitted, then a defendant convicted on insufficent evidence must have available, prior to a second trial, some procedure by which he can secure an acquittal. The defendant claims that the Massachusetts two-tier trial system is unconstitutional because it does not provide for appellate review but offers an improperly convicted defendant only another trial as a cure, that is, a second trial at which the prosecution will have a chance to overcome its earlier failure to meet its proof. In short, the defendant argues that principles underlying the *Burks* decision imply that an accused who is obliged to undergo a bench trial, is found guilty on evidence not sufficient to warrant a conviction, and has no avenue of relief but to seek a de novo jury trial is denied his right under the double jeopardy clause to have the charges against him dismissed.[3]

---

[3] This was the view of the Superior Court judge who heard the defendant's motion to dismiss.

The Commonwealth in this case largely accepts this view as well, submitting that an affirmative answer to reported question (c) is correct "provided that it has been further determined that the Commonwealth has had a full and fair opportunity to present whatever evidence it could assemble upon the first occasion where the defendant had been placed in jeopardy." The position of the district attorney for the Plymouth district on this point is contrary to the position taken by the district attorney for the Suffolk district in the *Lydon, supra,* and *A Juvenile* v. *Commonwealth (No. 2), post* 379 (1980), cases decided today.

Our opinion in *Lydon* v. *Commonwealth, supra,* considers and rejects the proposition that the double jeopardy clause of the Fifth Amendment, made applicable to the States by the Fourteenth Amendment, requires a State to provide, in all instances, a procedure for review of the sufficiency of the evidence at a bench trial. Much of the reasoning of that opinion applies here. In our *Lydon* opinion, at 263, we noted that "[t]he two-tier court system has already withstood constitutional challenge [on double jeopardy grounds] in the United States Supreme Court. *Ludwig* v. *Massachusetts,* 427 U.S. 618 (1976). *Colten* v. *Kentucky,* 407 U.S. 104 (1972)." Approximately half the States have some form of two-tier system. *Colten* v. *Kentucky, supra* at 112 n.4. The *Burks* opinion makes no mention of two-tier trial systems and cites neither the *Ludwig* nor the *Colten* cases. We are unwilling to conclude that the Supreme Court intended in its *Burks* opinion to invalidate by implication such a widely used system for the disposition of cases involving less serious crimes. We have found no reported case in any other jurisdiction in which a two-tier criminal defendant has advanced a double jeopardy argument based on an extension of the holding in the *Burks* case. We do not find in the *Burks* opinion any indication that the Supreme Court has abandoned its position in *Ludwig* v. *Massachusetts,* 427 U.S. 618 (1976), where the Court upheld the very same procedure that is involved in this case. We hold that the Supreme Court's ruling in the *Ludwig* case is controlling here.

We come then to the question whether a defendant under the former two-tier system could present to the Superior Court his challenge based on the double jeopardy clause. We think that the Superior Court was the appropriate forum for such a claim and that, at least until the matter is passed on there, a single justice of this court need not grant relief under this court's general superintendence power (G. L. c. 211, § 3). See *Whitmarsh* v. *Commonwealth,* 366 Mass. 212, 216 (1974), appeal dismissed, 421 U.S. 957 (1975). At the time the defendant's motion was filed in the Superior Court and considered there (see G. L. c. 277,

§ 47A, as amended through St. 1978, c. 478, § 298 [effective January 1, 1979 (St. 1978, c. 478, § 343)]), the applicable statute provided that in criminal proceedings "[a]ny . . . objection which is capable of determination without the trial of the general issue may be raised before trial by motion."[4]  Consequently, the defendant's motion to dismiss properly should have been considered on its merits in the Superior Court.  See *Lydon* v. *Commonwealth, supra.*

Because the defendant has no valid double jeopardy claim even if the evidence at his bench trial was insufficient to warrant his convictions, the motion to dismiss should have been denied in the Superior Court and, accordingly, relief under the general superintendence powers of the court is not appropriate.  The petition under G. L. c. 211, § 3, should be dismissed.[5]

*So ordered.*

LIACOS, J. (dissenting, with whom Abrams, J., joins).  I respectfully dissent for the reasons stated in my opinion in *Lydon* v. *Commonwealth, supra* at 368.  I would remand the case to the single justice who could either rule on the sufficiency of the evidence or permit the judge of the Superior Court to reconsider the defendant's motion to dismiss.  Upon a determination that the evidence at the bench trial was insufficient, the court should allow the motion to dismiss.  I need not reach the question whether double jeopardy bars a retrial when the only evidence tending to prove an element

---

[4] Today, G. L. c. 277, § 47A, as appearing in St. 1979, c. 344, § 39 (by § 51, effective July 1, 1979), has been amended, deferring many procedural matters to the Massachusetts Rules of Criminal Procedure, which were effective on July 1, 1979.  The same result is called for under the current two-tier system.  See *Lydon* v. *Commonwealth, supra* at 367, quoting from Mass. R. Crim. P. 13 (c) (2), 378 Mass. 873 (1979).

[5] Because of our conclusion that the double jeopardy clause does not provide a valid foundation for the defendant's argument, we need not decide whether the record in fact demonstrates that the evidence was insufficient to warrant the defendant's convictions.

of the crime was improperly admitted at the first trial. See *Greene* v. *Massey*, 437 U.S. 19, 26 n.9 (1978). I add only that if the majority's opinion in *Lydon* has any arguable validity whatsoever, the majority opinion here is even less justifiable. This defendant had no option under G. L. c. 278, § 18, as amended through St. 1974, c. 167, but was required to undergo a bench trial prior to obtaining a constitutionally protected right to trial by jury. *Supra.*