Gants, J.
On November 17, 1983, the plaintiff, who uses the pseudonym Ron Roe (“Roe”) in this action, pleaded guilty in the Circuit Court of the Seventeenth Judicial Circuit in Broward County, Florida to indecent assault in violation of Fla. Stat. ch. 800.04(1979). The Court, however, entered an Order Withholding Adjudication of Guilt and Placing Defendant on Probation, which declared:
It appearing to the satisfaction of the Court that you are not likely again to engage in a criminal course of conduct, and that the ends of justice and the welfare of society do not require that you should presently be adjudged guilty and suffer the penalty authorized by law;
Now, therefore, it is ordered and adjudged that the adjudication of guilty and imposition of sentence are hereby withheld, and that you are hereby placed on probation for a period of five (5) years under the supervision of the Department of Corrections . . .
Even though the Court ostensibly sentenced Roe to probation, for all practical purposes the true sentence was six months in jail and 4Vi years on probation, since the Court included among the “conditions of probation” that Roe serve six months in the Broward County Jail.
Roe, now a resident of Massachusetts, moves for a preliminary injunction to bar the defendants from enforcing against him the newly amended Sex Offender Registration and Community Notification Act (“the Sex Offender Act” or “Act”), St. 1999, c. 74. Specifically, he seeks to enjoin the defendants “from disseminating information, instituting prosecution or otherwise enforcing G.L.c. 6, §§178C-1780 against [him] pending final adjudication of this matter.” Amended Verified Complaint for Declaratory and Injunctive Relief at 5.
Roe crafts two lines of attack. First, he contends that he is not a “sex offender” under the Sex Offender Act, both because the crime he pleaded guilty to in Florida is not a “like offense” to any of the Massachusetts crimes defined as “sex offenses” and because the withholding of an adjudication of guilt means that he was not “convicted” of even that Florida offense. Second, he contends that, even if he were a “sex offender,” the Act may not be enforced against him because it is unconstitutional under the Massachusetts Declaration of Rights and the United States Constitution. As detailed below, this Court need not reach the constitutional arguments, because it preliminarily finds that Roe is not a “sex offender” under the Act and therefore ALLOWS his motion for a prehminary injunction.
Roe was charged in Florida in a criminal information with two counts of indecent assault and pleaded guilty to one of those counts; the other was nolle prossed. The information to which he pleaded guilty alleged that, between May 1, 1982 and September 26, 1982, Roe:
did handle, fondle or make an assault upon Michael . . . , a child under the age of fourteen (14) years, in a lewd, lascivious or indecent manner, by placing his mouth on the exposed penis of Michael. . . and masturbating himself in the presence of Michael . . . , contrary to F.S. 800.04.
The statute under which he was indicted, Fla. Stat. ch. 800.04, made it a second-degree felony to “handle, fondle, or make an assault upon any child under the age of 14 years in a lewd, lascivious, or indecent manner, or [to] knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery.” Fla. Stat. ch. 800.04 (1979).[1] Court records do npt reveal whether Roe pleaded guilty to the indecent touching, or to masturbating in the presence of a child, or to both. Either act, under Florida law, is sufficient to support a guilty finding. Nor does there appear any reasonable likelihood of obtaining a tape recording or transcript of the plea colloquy to determine precisely what conduct he pleaded guilty to committing. While it may be possible to make an informed finding on this issue, whether through affidavits of the presiding judge, the case *710 prosecutor, the family of the victim, or the defendant himself, no such affidavits have been filed with this motion. Consequently, this Court presently does not know whether Roe pleaded guilty to an indecent touching of a child or simply the lewd and lascivious touching of himself in the presence of a child.
While it may not matter under Florida law which act or acts he admitted to at the plea hearing, since he is guilty of an indecent assault in violation of Fla. Stat. ch. 800.04 if he committed either, it matters a great deal under Massachusetts law in determining whether Roe is a “sex offender” who must register under the Sex Offender Act. Under G.L.c. 6, §178C, as amended by Section 2 of the Act, St. 1999, c. 74, a “sex offender” is defined as “a person who resides or works in the commonwealth and who has been convicted or a sex offense ...” A “sex offense” is defined to include an indecent assault and battery on a child under 14, in violation of M.G.L.c. 265, §13B, “or a like violation of the laws of another state ...” Id. Open and gross lewdness and lascivious behavior, in violation of M.G.L.c. 272, §16, do not constitute a “sex offense” unless it is a second conviction of this offense. Id. There is no evidence that this is a second conviction for Roe. Regardless, the defendants concede that the act of masturbating in front of a child would be equivalent to open and gross lewd and lascivious behavior under Massachusetts law. Consequently, there is no dispute that Roe is not a “sex offender” if he pleaded guilty only to masturbating in front of a child and not to indecently touching that child.
The issue before this Court is whether Roe, having pleaded guilty to an offense in Florida that may or may not constitute the offense in Massachusetts of indecent assault and battery on a child under 14, in violation ofM.G.L.c. 265, §13B, mustregister as a “sex offender” under the Sex Offender Act. The Commonwealth contends that he must register if he admitted to the indecent touching at the plea hearing. Since Roe cannot demonstrate a likelihood of showing at trial that he did not plead guilty to this indecent touching, the Commonwealth insists that this preliminary injunction must be denied. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980) (setting forth the three-part balancing test a court must use in determining whether to grant a preliminary injunction, of which the first is the moving party’s likelihood of success on the merits). Roe contends that he is not required to register regardless of what was said at the plea hearing because the elements necessary to establish a violation of the Florida statute do not necessarily constitute a violation of any crime that would constitute a "sex offense” under Massachusetts law. Therefore, he contends, his violation of the Florida statute is not “a like violation of the laws of another state,” as required under G.L.c. 6, §178C. Stripped to its essence, the resolution of this issue depends upon what the Sex Offender Act means when it requires a person convicted of “a like violation of the laws of another state” to register as a “sex offender.” This is an issue of first impression in Massachusetts; this Court is not aware of any direct guidance on this issue from either the Legislature or an appellate court.
Before determining the meaning of that phrase, it is important to look at how that phrase fits within the overall context of the Sex Offender Act. Under the Act, any person who moves into Massachusetts who fits the definition of a “sex offender” must register with the Sex Offender Registry Board within two days of his arrival. G.L.c. 6, §178E(g), as amended by Section 2 of the Act, St. 1999, c. 74. The knowing failure to register, even for a first offense, triggers a mandatory minimum sentence of six months in the house of correction and a maximum sentence of up to five years in state prison. G.L.c. 6, §178H(a)(l), as amended by Section 2 of the Act, St. 1999, c. 74.
Since it is a crime for a person convicted of “a like violation of the laws of another state” knowingly to fail to register as a sex offender within two days of his moving into the Commonwealth, it is imperative that it be clear to a sex offender that he indeed is a sex offender. The drafters of the Act respected this principle by defining a “sex offender” in terms of prior convictions for enumerated Massachusetts offenses. See G.L.c. 6, §178C, as amended by Section 2 of the Act, St. 1999, c. 74. Consequently, all that a person needs to know to determine whether he is a “sex offender” is whether he was convicted of one of those offenses within the time frame set forth in G.L.c. 6, §178G; he need not focus on the wording of the indictment or the content of the plea colloquy. It is reasonable to expect that the drafters of the Act intended there to be a similar degree of clarity for those persons with out-of-state convictions who move into Massachusetts, especially since they have so little time to determine whether they have a legal obligation to register as a sex offender. Persons with out-of-state convictions, like those with Massachusetts convictions, should be able to look at their criminal judgments and determine whether they are sex offenders; they should not be required to recall the wording of the indictment or the words used by the prosecutor in her summary of the facts at the plea hearing or the precise words they used during the plea colloquy to acknowledge their guilt. This information may not be clearly recalled and, as in this case, may not be apparent from the available record. Moreover, even when a tape recording of the plea colloquy is available, it will almost always take a considerable amount of time to locate, retrieve, and transcribe, and the potential sex offender, who must register within two days of his arrival in Massachusetts, does not have the luxury of time.
Indeed, if the focus for out-of-state convictions is to be on the actual conduct the defendant admitted to at the plea hearing rather than the conviction itself, as the Commonwealth contends here, then persons with out-of-state convictions may be required to register as sex offenders even when they did not plead guilty to a *711 traditional sex offense. It may well happen that an out-of-state defendant indicted for indecent assault and battery may plead in accordance with a plea agreement to the lesser included offense of assault and battery, but the prosecutor in his description of the facts may state that the touching involved the victim’s private parts. If the defendant were to admit during the plea colloquy that the prosecutor’s statement of the facts was accurate, then he has essentially admitted to an indecent battery, even though he was not convicted of that offense. If this conviction happened in Massachusetts, it is plain that this defendant does not thereby become a sex offender who must register under the Act. If the conviction happened outside Massachusetts, the consequence should not be any different.
The only way to accomplish the legislative purposes (1) that the Act is clear as to when an out-of-state offender moving to Massachusetts must register and (2) that the Act treats persons with out-of-state convictions in the same way as persons with Massachusetts convictions is to define “a like violation of the laws of another state” as a conviction in another state of an offense whose necessary elements, if established in Massachusetts, would constitute a violation of one of the “sex offenses” enumerated in G.L.c. 6, §178C. This definition is analogous to the principle of collateral estoppel in the civil context: the out-of-state conviction establishes that certain necessary elements were proven beyond a reasonable doubt and if these elements would be sufficient to convict the defendant of one of the “sex offenses" enumerated in G.L.c. 6, §178C had the crime taken place in Massachusetts, then the defendant must be treated as if he had committed one of those enumerated offenses.
This definition of “a like violation of the laws of another state” is also consistent with the rule of lenity in the interpretation of criminal statutes. “When an ambiguity exists in the language of a criminal statute, we construe the statute strictly and resolve the ambiguity in favor of the defendant.” Commonwealth v. Lupo, 394 Mass. 644, 649 (1985).
Under this definition, there is no dispute that Roe has not been convicted of “a like violation of the laws of another state” because an admission of battery, which is a necessary element of the crime of indecent assault and battery in Massachusetts, was not necessary to find Roe guilty of indecent assault in violation of Fla. Stat. ch. 800.04. Since Roe could be guilty of that Florida statute but not guilty of any of the “sex offenses” enumerated in G.L.c. 6, §178C, he may not be classified as a “sex offender” and therefore has no obligation to register as such.
In view of this finding, this Court need not and does not reach the constitutionality of the Sex Offender Act or the question of whether Roe’s guilty plea constitutes a criminal “conviction” in view of the withholding of adjudication.
ORDER
For the reasons stated above, the plaintiffs motion for a preliminary injunction is ALLOWED. This Court hereby preliminary enjoins the defendants from disseminating information, instituting prosecution, or otherwise enforcing G.L.c. 6, §§1780-1780 against the plaintiff pending final adjudication of this matter.

 The statute was revised in 1984, after Roe’s guilty plea, to apply to acts against children under 16 years of age (rather than 14) and to include expressly any act defined as sexual battery under Fla. Stat. ch. 794.011(1 )(h) (1975). See 1984 Fla. Laws ch. 84-86, §5. Those statutory revisions, of course, promulgated after Roe’s guilty plea, are not relevant to any issue in the instant case.