# IN THE MATTER OF ODETTA.[1]

No. 06-P-1102.

Berkshire. November 17, 2006. - May 8, 2007.

Present: DOERFER, KATZMANN, & VUONO, JJ.

*Child in Need of Services. Practice, Civil,* Trial de novo. *Appeals Court,* Jurisdiction.

This court dismissed a child's challenge to the validity of her adjudication as a child in need of services, where she did not avail herself of her right to a trial de novo before a jury of six, pursuant to G. L. c. 119, § 39I, before bringing a direct appeal. [863-865]

PETITION filed in the Berkshire County Division of the Juvenile Court Department on March 10, 2006.

The case was heard by *Paul E. Perachi,* J.

*Mark A. Papirio* for the child.

*Monica C. Murphy* for Department of Social Services.

VUONO, J. Odetta appeals from a judgment adjudicating her a child in need of services (CHINS), pursuant to G. L. c. 119, § 39E.[2] The case began on March 10, 2006, when Odetta's mother filed an application for a CHINS petition on behalf of Odetta, because Odetta, who was fifteen years old, had left home without permission. A judge of the Juvenile Court issued a CHINS petition and a warrant for Odetta's arrest. The police found Odetta approximately five hours later and brought her to court. She was released to her mother that same day.

---

[1] A pseudonym.

[2] General Laws c. 119, § 39E, as appearing in St. 1992, c. 379, § 10, provides:

"A parent or legal guardian of a child having custody of such child, or a police officer may apply for a petition in [juvenile court] alleging that said child persistently runs away from the home of said parent or guardian or persistently refuses to obey the lawful and reasonable commands of said parent or guardian resulting in said parent's or guardian's inability to adequately care for and protect said child."

A hearing on the merits was scheduled for March 29, 2006. The record reflects that Odetta appeared in court with counsel on that day and, at least initially, contested the petition on the ground that the facts set forth in the complaint failed to establish that she was a child "who persistently runs away from the home of [her] parent or guardian." G. L. c. 119, § 39E. Odetta argued that she could not be considered a persistent runaway because she had never previously run away from home.[3] The judge concluded otherwise. Relying on Webster's Third Int'l Dictionary 1686 (1995), the judge maintained that the term "persistent" means "continually in a course of action without regard to opposition or previous failure, tenacious opposition or purpose inclined to persist, . . . to go on resolutely or stubbornly despite opposition." The judge further stated that the statute did not require a prior episode of running away before a child could be adjudicated a CHINS runaway. Even though Odetta did not agree with the judge's interpretation of the statute, she admitted to sufficient facts and was adjudicated a CHINS. The judge ordered that Odetta be placed in the (continued) custody of her mother, and that she obey all rules of the home and comply with the service plan of the Department of Social Services.[4] Odetta did not exercise her right of appeal under G. L. c. 119, § 39I, for a trial de novo before a jury of six but, rather, filed an appeal to this court.

We do not reach the issue whether a child can be adjudicated a CHINS runaway based on a single instance of running away from home because Odetta is barred from challenging the validity of her adjudication by way of a direct appeal.[5] Odetta's appeal is improper because she failed to appeal for a trial de novo before seeking appellate review. The statute provides that a

---

[3] The CHINS preliminary inquiry report states: "[Odetta] came into my room this morning. I told her not to be on phone. Took my husband back to work, and Odetta was gone with her belongings. Odetta has never run before."

[4] Odetta does not appeal from the dispositional order.

[5] "While St. 1996, c. 200, abolished the trial de novo system for children accused of violating the laws of the Commonwealth, the provisions of law relating to Children in Need of Services cases, M.G.L.A. c. 119, §§ 39E to 39J, were not amended. As such, a trial de novo is still available in actions pursuant to those sections." Ireland, Juvenile Law § 4.17 (2006)

child (like Odetta), who, after an initial jury-waived trial on the merits of a petition, is adjudicated a child in need of services, may appeal for a trial de novo before a jury of six. G. L. c. 119, § 39I. Thereafter, the verdict or judgment resulting from the de novo trial may be appealed to the Appeals Court. G. L. c. 119, § 39I. See Ireland, Juvenile Law § 4.17 (2006). Odetta did not follow this procedure. As a result, we conclude that Odetta's appeal must be dismissed.[6]

We have not previously addressed the question whether a child's failure to claim an appeal for a trial de novo pursuant to G. L. c. 119, § 39I, precludes the child from bringing a direct appeal. However, the trial de novo system at issue is analogous to the two-tier trial system that was in effect in the District Courts of the Commonwealth from 1973 to 1994 when G. L. c. 278, § 18, the statute authorizing the two-tier system, was repealed. Under the two-tier system, a defendant's only avenue to challenge the judgment or errors occurring in the course of a District Court bench trial, even if of constitutional magnitude, "was to seek a trial or sentencing review de novo in the jury-of-six session." *Commonwealth* v. *Lupo*, 394 Mass. 644, 647 (1985). See *Lydon* v. *Commonwealth*, 381 Mass. 356, 363-366, cert. denied, 449 U.S. 1065 (1980) (defendant convicted at initial bench trial had no right to review of sufficiency of evidence prior to a de novo jury trial). Cf. *Commonwealth* v. *Lupo*, *supra* (dismissing appeal where defendant admitted to sufficient facts to be found guilty of marijuana possession in the first instance, subsequently filed a motion for postconviction relief under Mass.R.Crim.P. 30(a), but did not seek appeal de novo to which he was entitled by statute). Furthermore, under the former two-tier system, "[a]ny errors which may have contaminated the bench trial were effectively expunged by the availability of a de novo trial in the District Court jury-of-six session." *Foley* v. *Lowell Div. of the Dist. Court Dept.*, 398 Mass. 800, 804 (1986). Similarly, had Odetta availed herself of her right to a de novo trial, any error, including the judge's allegedly erroneous interpretation of the statute, would have been negated.

---

[6]Deciding as we do, we need not reach any issue as to mootness of the appeal.

In sum, Odetta has pursued an improper mechanism to challenge the validity of her adjudication as a CHINS runaway. Accordingly, her appeal must be dismissed.

*So ordered.*