NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1203

COMMONWEALTH

vs.

YOTOUS JAMAL PINTO.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from an order denying his motion for postconviction relief pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 501 (2009).  We review the denial of such motions "to determine whether there has been a significant error of law or other abuse of discretion."  Commonwealth v. Grace, 397 Mass. 303, 307 (1986).  We have reviewed the record carefully and discern no error or abuse of discretion. Accordingly, we affirm the order denying the defendant's motion.

Background.  Following a jury-waived trial in December 1991, the defendant was found guilty of assault with intent to

---

[1] As is our custom, we spell the defendant's name as it appears on the indictments.

murder, assault and battery with a dangerous weapon, and a civil rights violation with serious bodily injury.[2]  The charges stemmed from an altercation with four young men in Cambridge on July 13, 1991.[3]  The altercation escalated and the defendant stabbed one of the men with a pocketknife.  At the time of the incident, the defendant, who was seventeen years old, was "absent without leave (AWOL) from [t]he Department of Youth Services."  Eight years later, in September 1999, the defendant, represented by new counsel, filed a motion for postconviction relief claiming that under G. L. c. 119, §§ 61 and 72, as then in effect, he was entitled to a pretrial transfer hearing that, if allowed, would have removed his case from the Superior Court to the Juvenile Court.  The motion was denied by the trial judge.  The defendant appealed, and a different panel of this court affirmed that order in an unpublished decision.  See Commonwealth v. Pinto, 50 Mass. App. Ct. 1115 (2001).

Thereafter, in 2022, the defendant filed a second motion for postconviction relief claiming that his trial attorney was ineffective for failing to raise the issue that he was entitled

---

[2] These convictions subsequently served as the predicate offenses when the defendant pleaded guilty to a charge under New Hampshire's armed career criminal statute in September 2016.

[3] We briefly recite the undisputed facts underlying the defendant's convictions as drawn from the record and the defendant's brief only for context.

to a transfer to Juvenile Court.[4]  That motion was decided by a different judge of the Superior Court and as previously noted, the motion was denied.  The defendant's appeal from that denial is now before us.

Discussion.  As the judge noted in her memorandum of decision and order, although now couched in terms of an ineffective assistance of counsel claim, the defendant's argument regarding the absence of a transfer hearing is otherwise identical to the argument he advanced in his first motion for postconviction relief.  The judge further noted, correctly, that in the absence of newly discovered evidence or a change in the law, the defendant is estopped from relitigating the issue.  See Commonwealth v. Sanchez, 485 Mass. 491, 498 (2020).  Notwithstanding the proper application of the doctrine of estoppel, the judge considered the defendant's claim and concluded that it had no merit because the defendant was seventeen years old when he committed the offenses at issue.  At that time, a seventeen year old could not be considered a "delinquent child."  See G. L. c. 119, § 52, as amended through St. 1986, c. 557, § 115 (defining ages for "delinquent child" as

_____

[4] We note that the defendant also claimed that trial counsel was ineffective for failing to file a motion to recuse the trial judge.  The motion judge rejected this claim as well, however, the defendant has not addressed this issue in his brief and, as a result, we need not discuss it.

3

between seven and seventeen).  Accordingly, the Superior Court, not the Juvenile Court, had original jurisdiction over the matter, see G. L. c. 212, §§ 1 and 6, and the defendant was not entitled to a transfer hearing.  See Elliot v. Commonwealth, 478 Mass. 1017, 1017-1018 (2018).  Put simply, because in light of the doctrine of estoppel there is no basis on which to conclude that the defendant was entitled to a transfer hearing, trial counsel was not ineffective for not raising the issue.  See Commonwealth v. Azar, 435 Mass. 675, 686 (2002), S.C., 444 Mass. 72 (2005).

Order dated September 18, 2023, denying motion for postconviction relief affirmed.

By the Court (Vuono, Rubin & Walsh, JJ.[5]),

Assistant Clerk

Entered:  May 28, 2024.

---

[5] The panelists are listed in order of seniority.

4