NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-475

COMMONWEALTH

vs.

JEROME REED.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury-waived trial in the Boston Municipal Court, the defendant was convicted of the lesser included offense of assault and battery and acquitted of the charged offense of indecent assault and battery.  On appeal, the defendant argues that video recordings (videos) from Massachusetts Bay Transportation Authority (MBTA) and city of Boston security cameras should not have been admitted in evidence because the videos were improperly authenticated.  We affirm.

1.  MBTA videos.  An officer with the MBTA transit police, Jonathan Tetrault, testified that on August 9, 2021, he was assigned to investigate a possible indecent assault and battery inside Forest Hills MBTA station (station).  As part of that investigation, Tetrault took the victim's statement and reviewed

MBTA surveillance videos.  Tetrault found videos depicting the victim walking down stairs to the platform with a man following her, looking around, and lifting her dress.  The victim immediately turns around and hits or pushes the man.  The man walks up the stairs and the victim follows.  Tetrault also located videos of a man whom he later identified as the defendant entering the station before the incident and running from the station afterward.  The defendant is wearing black footwear with a white sole, which stands out on the color videos, as well as jeans with distinctive rips on the front thigh and knee.  In all, twelve MBTA videos were introduced during Tetrault's testimony.[1]

Tetrault additionally made photographs (photos) of the perpetrator's face using still images from the videos, which Tetrault showed to a fellow transit police officer who recognized the defendant.  On August 17, 2021, Tetrault stopped the defendant when he saw him at a Boston police station and spoke with him about the August 8 incident.  During that conversation, the defendant identified himself in the photos.  Both the MBTA videos and the photos were admitted in evidence without objection.

---

[1] We have reviewed the MBTA and city videos introduced at trial and provided as part of the appellate record.

In general, evidence is admissible where it is relevant, that is, where it tends to make a fact more or less probable than it would be without it.  Poirier v. Plymouth, 374 Mass. 206, 210 (1978).  "Authentication represents a special aspect of relevancy in that evidence cannot have a tendency to make the existence of a disputed fact more or less likely if the evidence is not that which its proponent claims."  Commonwealth v. Meola, 95 Mass. App. Ct. 303, 307 (2019), quoting United States v. Branch, 970 F.2d 1368, 1370 (4th Cir. 1992).  Acting as gatekeeper, the trial judge "is to determine whether there is evidence sufficient, if believed, to convince the [fact finder] by a preponderance of the evidence that the item in question is what the proponent claims it to be."  Commonwealth v. Purdy, 459 Mass. 442, 447 (2011), quoting M.S. Brodin & M. Avery, Massachusetts Evidence § 9.2, at 580 (8th ed. 2007).  The admissibility of evidence "is left to the discretion of the trial judge, and we will overturn the judge's decision only where a defendant is able to bear the heavy burden of demonstrating an abuse of that discretion."  Commonwealth v. Figueroa, 56 Mass. App. Ct. 641, 646 (2002), quoting Commonwealth v. Obershaw, 435 Mass. 794, 803 (2002).

The defendant argues that the MBTA videos were not properly authenticated because Tetrault's testimony failed to describe how the MBTA surveillance system operates and how he made copies

3

of the videos.  Videos, like photographs, are usually "authenticated directly through competent testimony that the scene they show is a fair and accurate representation of something the witness actually saw[;] . . . authenticity also can be established circumstantially by evidence sufficient to support a finding that the matter in question is what its proponent claims" (quotation and citation omitted).  Figueroa, 56 Mass. App. Ct. at 646.  See Mass. G. Evid. § 901(a) (2024).  Circumstantial evidence can include the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics" of the proffered evidence.  Commonwealth v. Siny Van Tran, 460 Mass. 535, 546 (2011), quoting Mass. G. Evid. § 901(b)(1), (4) (2011) (copy of airline ticket properly authenticated by witness who was not employed by airline at time ticket issued but who was able to testify to familiar markers of authenticity of such records).

Tetrault's testimony was sufficient to authenticate the MBTA videos.  He was able to describe the process by which he accessed the videos and identified the relevant video clips, including how cameras are numbered and mapped in order to identify their location.  He further testified that he recognized the locations depicted in the clips and that the videos are fair copies of the videos he viewed as part of his investigation.  The videos themselves have date and time stamps

4

as well as an identifying code, and he testified that there was no reason to believe that the time stamps in the videos are inaccurate. The time stamps accord with the sequence of events alleged.

It is also significant that the defendant identified himself in the photos Tetrault created from the videos introduced at trial. It is reasonable to infer from the defendant's self-identification that the videos are accurate depictions of what they purport to show. See Commonwealth v. Pytou Heang, 458 Mass. 827, 855-856 (2011) (eyewitness identification of individuals in security footage sufficient to authenticate video). Furthermore, the defendant is dressed the same in all the videos, providing a sufficient basis to infer that the same person appears in all the video clips, including those of the incident.

On this record, we conclude that the trial judge did not err in admitting the MBTA videos. See Commonwealth v. Santos, 95 Mass. App. Ct. 791, 795 (2019) (where "there is no error, then there is no risk of a miscarriage of justice and appellate relief is denied").

2. City videos. Two videos from city of Boston cameras near the station were also admitted without objection. Tetrault did not testify to the circumstances under which he acquired this footage. In the complete absence of any testimony

regarding the origin of that footage or its reliability, it was error to admit those videos.  See Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 588 (2017) (video inadmissible for lack of authentication where no witness testified to date and time of video, placement of cameras, manner of operation, manner of storage, and one month had passed between offense and viewing of footage by investigating officer).

Nonetheless, the admission of videos from the city cameras did not create a substantial risk of miscarriage of justice. See Commonwealth v. Desiderio, 491 Mass. 809, 815-816 (2023), quoting Commonwealth v. Azar, 435 Mass. 675, 687 (2002), S.C., 444 Mass. 72 (2005) (where defendant did not object during trial, review for substantial risk of miscarriage of justice, considering "[(1)] the strength of the Commonwealth's case, [(2)] the nature of the error, [(3)] the significance of the error in the context of the trial, and [(4)] the possibility that the absence of an objection was the result of a reasonable tactical decision").  The defendant argues that the footage of the defendant fleeing the station established consciousness of guilt, which was central to the trial judge coming to a guilty verdict.  The defendant bases this argument on statements made by the judge in announcing the verdict.  This argument is unavailing.

The city videos were cumulative of the MBTA videos.  The MBTA videos depict the defendant and the victim exiting a bus and entering the station.  The defendant follows the victim closely into the station, through the fare gates, and down a flight of stairs.  As the defendant and the victim descend the stairs, he looks around and then lifts the victim's skirt.  The victim immediately reacts to the defendant, pushing him away.  The defendant then turns around and walks back up the stairs.  Further, videos from at least three MBTA cameras shows the defendant running around and eventually away from the station.  The city videos only depict a distant view of a man dressed in the same clothing as the defendant running around the perimeter of the station.  We discern no risk of a miscarriage of justice.  See Azar, 435 Mass. at 687, quoting Commonwealth v. LeFave, 430 Mass. 169, 174 (1999) ("The substantial risk standard requires us to determine 'if we have a serious doubt whether the result of the trial might have been different had the error not been made'").  Nothing in the judge's statement that the defendant "subsequently fled" suggested that he relied more on the city videos than the MBTA videos.  In any event, such reliance is immaterial where sufficient alternative evidence existed to support a guilty verdict.  See Commonwealth v. Phim, 462 Mass. 470, 478-480 (2012) (no substantial risk of miscarriage of

7

justice where evidence admitted in error did not bear on key issue).

Judgment affirmed.

By the Court (Henry,
  D'Angelo & Hodgens, JJ.[2]),

Clerk

Entered:  September 11, 2024.

---

[2] The panelists are listed in order of seniority.